UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| USA TECHNOLOGIES, INC. | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | NO.: 09-3899 |
| | : | |
| JOHN DOE AND JANE DOE | : | |
| ANONYMOUS INTERNET WEBSITE | : | |
| BLOGGERS OPERATING AS | : | |
| MICHAEL_MOORE_IS_FAT AND | : | |
| STOKKLERK | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF SUBPOENA *DUCES TECUM* DIRECTED TO YAHOO! INC. PRIOR TO F.R.C.P.26(f) CONFERENCE

F.R.C.P.26(d) provides that a party may not seek discovery from any source before the parties have conferred as required by F.R.C.P.26(f). However, a court may allow a party to conduct discovery before the Rule 26(f) conference upon good cause shown. See Thermal Solutions, Inc. v. Imura International U.S.A. Inc., 2008 WL 2561098(D.Kan., June 26, 2008); Alpine Atlantic Asset Management AG v. Comstock, 2008 WL 618627 (D.Kan., March 03, 2008).

Absent issuance of a subpoena prior to the F.R.C.P.26(f) conference, Plaintiff USA Technologies, Inc. ("USAT"), is unable to learn the identity of the individuals who are defendants in this action. The issuance of a subpoena is a first step in pursuing USAT's causes of action. If leave is not provided to serve the subpoena on Yahoo!, Inc. ("Yahoo"), USAT has no redress

1

against the internet bloggers who are posting the defamatory and actionable messages about USAT and its officers on the internet. If the Motion is granted, the rights of the internet bloggers will still be protected since release of the information about the bloggers will not be automatic once the subpoena is served. As set forth in the undersigned's Affidavit ("Lurio Affidavit"), the internet bloggers have the right to file a Motion to Quash the Subpoena before Yahoo! releases any information to USAT.

Courts have recognized the impediments posed to a plaintiff who is the subject of anonymous actionable postings on the internet. Since the identity of the individual is not generally disclosed on the postings, discovery must be conducted in order to determine the identity of the individual before the defendant is served with service of process.    In Doe I v. Individuals, 561 F.Supp. 2d 249 (D.Ct. 2008), the court entered an order allowing the Plaintiffs to engage in limited expedited discovery to determine the identities of the Defendants who had allegedly posted defamatory statements about the Plaintiffs on a law school admissions website. Id., 561 F.Supp. 2d at 252. In that case, the court allowed "issuance of a subpoena duces tecum to AT&T for information relating to the identity of the person assigned to the IP address from which an individual using the pseudonym 'AK47' posted comments on AutoAdmit about Doe II." Id., 561 F.Supp. 2d at 252.    See also Order entered by the Honorable Bruce W. Kauffman,

2

dated March 26, 2009, in USA Technologies, Inc. v. John Doe, U.S.D.C., E.D.PA., No. 09-661.

In this case, once Yahoo! receives the subpoena, it will provide notice to the individuals (as they have identified themselves to Yahoo! when setting up their account) of the subpoena, as well as provide notice of the individuals' right to object to the subpoena. Yahoo! allows the individuals fifteen days to object to the subpoena before Yahoo! releases any information in response to the subpoena (see Lurio Affidavit).

Anonymous postings on the internet can wreck significant damage on an individual or company. Courts recognize that a poster's right to communicate defamatory and other wrongful information on the internet is not absolute. "The right to speak anonymously, on the internet or otherwise, is not absolute and does not protect speech that otherwise would be unprotected." Doe I v. Individuals, supra, 561 F.Supp.2d at 254; citing McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 353, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995).

Courts look at a number of factors when determining whether to allow information to be disclosed about anonymous internet posters. See Doe I v. Individuals, supra. In this case USAT has set forth sufficient information to outweigh any first Amendment concerns.

USAT has confirmed with Yahoo! that once the subpoena is

served, Yahoo! provides the internet poster sufficient time to object to the release of the information, before the information is disclosed to USAT.

The defendants have no expectation of privacy under these circumstances since they agreed to Yahoo!'s Privacy Policy (see Exhibit "1" attached to the Lurio Affidavit) which provides in pertinent part as follows:

> Yahoo! collects personal information when you register with Yahoo!, when you use Yahoo! products or services, when you visit Yahoo! pages or the pages of certain Yahoo! partners, and when you enter promotions or sweepstakes. Yahoo! may combine information about you that we have with information we obtain from business partners or other companies.
> ...
> INFORMATION SHARING AND DISCLOSURE
> Yahoo! does not rent, sell, or share personal information about you with other people or non-affiliated companies except to provide products or services you've requested, when we have your permission, or under the following circumstances:
>
> ...
>
> We respond to subpoenas, court orders, or legal process, or to establish or exercise our legal rights or defend against legal claims.
> ...
>
> We believe it is necessary to share information in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of Yahoo!'s terms of use, or as otherwise required by law.

The court in Doe I v. Individuals, supra, 561 F.Supp. 2d at 255, determined that a similar posting on AT&T's Internet Services Privacy Policy provided sufficient notice to the anonymous

4

bloggers that information might be disclosed and stated, "Doe 21 has little expectation of privacy in using AT&T's service to engage in tortious conduct that would subject him to discovery under the federal rules".

Next, USAT has made a more than adequate showing that the postings are actionable.

The following messages posted by "stokklerk" contain false and defamatory information about USAT and its management:

(a)   A message posted by "stokklerk" on August 6, 2009 at 2:02 P.M. accused USAT's Chief Executive Officer George R. Jensen, Jr. (hereinafter "Jensen") of fleecing humanity.

(b)   A message posted by "stokklerk" on August 4, 2009 at 8:29 P.M. accused Jensen of being a known liar.

(c)   A message posted by "stokklerk" on August 16, 2009 at 11:29 P.M. accused USAT of "legalized highway robbery."

(d)   Multiple messages posted by "stokklerk" accused USAT of being a Ponzi scheme. The  messages were posted on August 24, 2009 at 5:29 P.M.; August 24, 2009 at 1:00 P.M.; August 24, 2009 at 10:58 A.M.; August 19, 2009 at 4:35 P.M.; August 19, 2009 at 9:15 A.M.; August 18, 2009 at 12:26 P.M.; August 18, 2009 at 10:23 A.M.; August 18, 2009 at 8:23 A.M.; August 17, 2009 at 7:49 P.M.; August 17, 2009 at 2:04 P.M.; August 14, 2009 at 2:49 P.M.; August 14, 2009 at 11:01 A.M.; August 14, 2009 at 9:25 A.M.; August 11, 2009

at 11:56 A.M.; August 10, 2009 at 2:34 P.M.;   August 6,
2009 at 2:02 P.M.; August 6, 2009 at 9:02 A.M.; August 5,
2009 at 10:51 A.M.; August 4, 2009 at 8:29 P.M.; August 4,
2009 at 4:40 P.M.; August 3, 2009 at 1:38 P.M.; July 21,
2009 at 6:19 P.M.; July 8, 2009 at 9:09 A.M.; and April 15,
2009 at 10:21 A.M.

The   following   messages   posted   by   "michael_moore_is_fat"
contain false and defamatory information about USAT and its Chief
Executive Officer:

(a) A message posted by "michael_moore_is_fat" on August 5,
2009 at 11:57 A.M. accused USAT of being a scam to enrich
management.

(b) A message was posted by "michael_moore_is_fat" on August
5, 2009 at 8:14 A.M. accused USAT of criminal activity,
stating "a crime is in the process of being committed".

(c) A   message   was   posted   by   "michael_moore_is_fat"   on
February 11, 2009 at 10:38 P.M. stated that USAT's Chief
Executive Officer Jensen should be sharing a [jail] cell
with Bernie [Madoff].

(d) A   message   was   posted   by   "michael_moore_is_fat"   on
November  3,   2008   at   9:07   P.M.   stated   that   USAT's
Management has been raiding the cash drawer for years.

(e) Messages   posted   by   "michael_moore_is_fat"   on   the
following dates accused USAT of being a scam: August 5,

6

2009 at 8:14 A.M.; July 30, 2009 at 9:49 A.M.; November 3, 2008 at 9:07 P.M.; September 9, 2008 at 7:50 P.M.; April 5, 2008 at 8:26 P.M.; March 8, 2008 at 10:11 P.M.; February 13, 2008 at 8:29 P.M.; and January 1, 2008 at 8:44 P.M.

USAT has also shown that there is no other way to learn the identity of the individuals posting the offending messages. The proposed subpoena is narrowly drafted to elicit only the necessary information.

Each of the above referenced messages is actionable and without issuance of the subpoena to Yahoo!,  USAT has no adequate remedy against the individual(s) known as "Michael_moore_is_fat" and "stokklerk".

LURIO & ASSOCIATES, P.C.

BY: Margaret Sherry Lurio   MSL7613
    Margaret Sherry Lurio, Esquire
    One Commerce Square
    2005 Market Street, Suite 3320
    Philadelphia, PA 19103
    (215) 665-9300
    mlurio@luriolaw.com
    Attorney for Plaintiff USA
    Technologies, Inc.